**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

FILED CIVIL INTAKE
2018 JUN 11 PH 2:53
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

| | |
|---|---|
| MARY LOU SULLIVAN<br>1029 Broad Branch Court<br>McLean, Virginia 22101<br><br>    Plaintiff,<br><br>v.<br><br>MCGILL & HASSAN, PA<br>SERVE: John K. McGill<br>8816 Red Oak Blvd, Suite 220<br>Charlotte, North Carolina 28217<br><br>and<br><br>THE MCGILL & HILL GROUP, LLC<br>SERVE: John K. McGill<br>8816 Red Oak Boulevard, Suite 240<br>Charlotte, North Carolina 28217<br><br>and<br><br>BLAKE W. HASSAN<br>8816 Red Oak Blvd, Suite 220<br>Charlotte, North Carolina 28217  Defendants. | Case No. 2018 08862 |

### COMPLAINT

Plaintiff Mary Lou Sullivan ("Mary Lou"), by and through undersigned counsel, for her Complaint against defendants McGill & Hassan, PA ("McGill & Hassan"), The McGill & Hill Group, LLC ("McGill & Hill Group"), and Blake W. Hassan ("Mr. Hassan") (collectively, the "Defendants"), states the following:

### PARTIES

1. Plaintiff Mary Lou is an adult resident and citizen of Fairfax County, Virginia.

1



EXHIBIT A

2. Defendant McGill & Hassan is a law firm organized under the law of North Carolina with its office and principal place of business in Charlotte, North Carolina.

3. Defendant McGill & Hill Group is a limited liability company organized under the law of North Carolina with its office and principal place of business in Charlotte, North Carolina.

4. Defendant Mr. Hassan is an attorney who, upon information and belief, resides in Charlotte, North Carolina.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper pursuant Virginia Code Section 8.01-328.1 because, *inter alia*, this cause of action arises from business transacted by Defendants in this Commonwealth, services contracted to be supplied by Defendants in this Commonwealth, and tortious injury caused by Defendants in this Commonwealth.

6. Venue in this Court is proper pursuant to Virginia Code Section 8.01-262 because, *inter alia*, fact witnesses and the plaintiff reside in Fairfax County and the events giving rise to the cause of action occurred in Fairfax County.

## FACTS

7. Mary Lou is the widow of Daniel Y. Sullivan ("Dr. Sullivan"), who passed away on July 17, 2012.

8. Dr. Sullivan founded the dental practice that became known as Sullivan, Kaihara & Watkins, Ltd. (the "Dental Practice") in 1977. The practice had offices in McLean, Virginia and the District of Columbia. Dr. Sullivan was a national leader in his profession and was the preeminent prosthodontist in the Washington D.C. metropolitan area.

9. At the time of Dr. Sullivan's death, the Dental Practice had three shareholders, Dr. Sullivan, Dr. Gary Kaihara, and Dr. Ben Watkins. Mary Lou inherited Dr. Sullivan's interest in the Dental Practice upon his death.

10. McGill & Hassan is a law firm that specializes in providing business counseling and advice to dental practices. It represented and advised the Dental Practice beginning in approximately the year 2000 through at least the end of 2014. Dr. Sullivan sought to have McGill & Hassan represent and advise the Dental Practice because of their reputation in the dental community and their purported expertise about business issues relevant to dental practices.

11. Mr. Hassan is an attorney and a shareholder of McGill & Hassan. Mr. Hassan was the attorney who primarily handled the legal representation of the Dental Practice.

12. In the course of the representation, McGill & Hassan, among other things, prepared a Shareholders' Agreement, Employment Agreements, Promissory Notes for the Dental Practice and provided legal advice on the content, meaning, and effect of such documents.

13. McGill & Hill Group worked in conjunction with McGill & Hassan in the representation of the Dental Practice by doing, among other things, valuations of the Dental Practice when shareholders left or joined the Dental Practice.

14. McGill & Hassan and McGill & Hill Group are affiliated companies. Upon information and belief, both Mr. Hassan and John K. McGill are shareholders in both entities.

15. In mid-2013, approximately one year after Dr. Sullivan died, a dispute arose between, on the one hand, the Dental Practice and two of its three shareholders (Drs. Kaihara and Watson) and, on the other hand, Mary Lou (as third shareholder of the Dental Practice and as executor of the estate of Dr. Sullivan) about the effect of certain terms in Dr. Sullivan's Employment Agreement, the Shareholders' Agreement, and whether excess death benefits of

certain life insurance policies were intended to be for the benefit of the surviving beneficiary (Mary Lou) or the Dental Practice.

16. The dispute continued until December 2013. Ultimately, a mediation was held in December of 2013 that resulted in a settlement.

17. The Defendants were aware that there was a dispute between Drs. Kaihara and Watkins and Mary Lou with respect to the financial obligations between the Dental Practice and Mary Lou, and they had professional ethical and fiduciary duties (a) not to represent or advise individual shareholders in connection with that dispute and (b) to treat all three shareholders forthrightly and on par with one another. Unbeknownst to Mary Lou at the time, McGill & Hassan and Mr. Hassan repeatedly breached that duty by improperly consulting in private with Drs. Kaihara and Watkins about the documents that McGill & Hassan and Mr. Hassan had prepared, the effect of those documents, and the positions that Drs. Kaihara and Watkins should take with respect to the effect of the documents on the financial obligations to Mary Lou.

18. Defendants represented the Dental Practice and could not ethically provide advice to two of the three shareholders while keeping in the dark the third shareholder, with whom, as Defendants knew, the two other shareholders were in a dispute. Further, Defendants were obligated to apprise all three shareholders, including Mary Lou, of all information material to the business of the Dental Practice, but failed to do so with respect to Mary Lou.

19. Specific issues upon which McGill & Hassan and Mr. Hassan improperly provided advice and guidance only to Drs. Kaihara and Watkins (and not to Mary Lou) in violation their professional obligations and their fiduciary duties include advice regarding: (a) what was to happen to the proceeds of certain life insurance upon Dr. Sullivan's death, (b) certain loan repayments to Dr. Sullivan, (c) alleged overcompensation to Dr. Sullivan, and (d)

4

the handling of a claim under the disability insurance policy in place to provide benefits in the event of Dr. Sullivan's long-term disability.

20. In the course of Defendants improperly providing advice only to Drs. Kaihara and Watkins (excluding Mary Lou), Drs. Kaihara and Watkins provided incorrect information to McGill & Hassan and Mr. Hassan. Upon information and belief, McGill & Hassan and Mr. Hassan made no attempt to verify the (incorrect) information and ignored the correct information when they learned it. McGill & Hassan and Mr. Hassan then, in turn, provided advice and made representations about the legal rights of all three shareholders based upon the incorrect information. At no point did McGill & Hassan or Mr. Hassan inform Mary Lou of their private conversations with Drs. Kaihara and Watkins, that their representations and advice about Mary Lou's legal rights were based on those conversations, or what information formed the basis for their representations and advice.

21. Mary Lou reasonably relied upon the Defendants to comply with their professional and ethical obligations in her dispute with Drs. Kaihara and Watkins and not advise Drs. Kaihara and Watkins with respect to the Dental Practice without including Mary Lou in the discussions. As a direct and proximate result of Defendants' breach of their professional and ethical obligations, the issues in dispute between Mary Lou and Drs. Kaihara and Watkins were prolonged and the monetary range of the dispute was unfairly tilted against Mary Lou.

22. In April of 2014 Mary Lou and her son Brendan Sullivan contacted defendant Mr. Hassan, a principal of both defendant McGill & Hassan and defendant McGill & Hill Group, to discuss their concerns, only to be told that Mr. Hassan only represented the Dental Practice and could only talk to the corporation, advice he regularly ignored in 2013.

## COUNT ONE
### Breach of Contract - Legal Malpractice
### (against McGill & Hassan)

23. Plaintiff Mary Lou hereby incorporates and restates the allegations in paragraphs 1-22 above as if set forth here in full.

24. McGill & Hassan had an attorney-client relationship with Mary Lou, as a one-third shareholder of the closely held Dental Practice, creating a duty to her. McGill & Hassan owed Mary Lou, as a one-third shareholder of the closely-held Dental Practice, a fiduciary duty to treat her forthrightly and equally with the other two shareholders. Mary Lou, as a one-third shareholder of the closely held Dental Practice, was an intended third-party beneficiary of the attorney-client relationship between McGill & Hassan and its client, the Dental Practice, and was therefore entitled to be treated forthrightly and equally with the other two shareholders.

25. McGill & Hassan had a duty to Mary Lou to not communicate with other shareholders of the Dental Practice without her participation and to communicate with all shareholders about information material to the operation of the Dental Practice and only with all shareholders of the Dental Practice, by virtue of McGill & Hassan's representation of her, fiduciary duties owed to her, McGill & Hassan's representation of the Dental Practice, and/or her status as a third-party beneficiary of the attorney-client relationship between McGill & Hassan and the Dental Practice.

26. McGill & Hassan breached its duties by communicating repeatedly with Drs. Kaihara and Watson about the documents related to the Dental Practice, the meaning of those documents and the effect of that meaning on the financial rights and responsibilities of the Dental Practice with other individual members of the Dental Practice and not informing Mary Lou of or including her in those conversations, all while knowing that there was a dispute among

6

the three shareholders about the very issues upon which McGill & Hassan were advising Drs. Kaihara and Watson.

27. McGill & Hassan further breached its duties by making incorrect representations to Mary Lou based upon inaccurate information it obtained from other members of the Dental Practice and not disclosing to Mary Lou the bases for those representations.

28. As a direct and proximate result of McGill & Hassan's breach of duty to Mary Lou, Mary Lou was injured in the amount of $500,000.00 or such other amount as may be determined at trial.

29. McGill & Hassan's actions in breach of its duty were willful, wanton, undertaken with malice, and/or performed in conscious disregard of the rights of Mary Lou.

WHEREFORE, plaintiff Mary Lou Sullivan respectfully requests that this Court enter judgment in her favor against defendant McGill & Hassan in the amount of $500,000.00 or such other amount as may be determined at trial, punitive damages in the amount of $350,000.00, attorney's fees and costs, which may be awarded in cases meriting punitive damages, plus pre and post judgment interest, and award such other and further relief as the Court deems just and proper.

### COUNT TWO
### Breach of Fiduciary Duty
### (against McGill & Hassan)

30. Plaintiff Mary Lou hereby incorporates and restates the allegations in paragraphs 1-22 above as if set forth here in full.

31. McGill & Hassan owed Mary Lou, as a one-third shareholder of the closely-held Dental Practice, a fiduciary duty to treat her forthrightly and equally with the other two shareholders.

32. By virtue of McGill & Hassan's representation of her, McGill & Hassan's representation of the Dental Practice, and/or Mary Lou's status as a third-party beneficiary of the attorney-client relationship between McGill & Hassan and the Dental Practice, McGill & Hassan had duties to Mary Lou (a) not to communicate with other shareholders of the Dental Practice without her participation and (b) to communicate information material to the operation of the Dental Practice to all shareholders of the Dental Practice and only with all shareholders of the Dental Practice.

33. McGill & Hassan breached its duties by having conversations with Drs. Kaihara and Watson about the documents related to the Dental Practice, the meaning of those documents and the effect of that meaning on the financial rights and responsibilities of the Dental Practice and not including Mary Lou or informing her of the occurrence or content of those conversations all while knowing that there was a dispute among the three shareholders about the very issues upon which McGill & Hassan were advising Drs. Kaihara and Watson.

34. McGill & Hassan further breached its duties by providing advice privately to Drs. Kaihara and Watson and making incorrect representations to Mary Lou based upon inaccurate information they obtained from Drs. Kaihara and Watson and not disclosing to Mary Lou the bases for its advice and representations.

35. As a direct and proximate result of McGill & Hassan's breach of duty to Mary Lou, Mary Lou was injured in the amount of $500,000.00 or such other amount as may be determined at trial.

36. McGill & Hassan's actions in breach of its duty were willful, wanton, undertaken with malice, and/or performed in conscious disregard of the rights of Mary Lou.

WHEREFORE, plaintiff Mary Lou Sullivan respectfully requests that this Court enter judgment in her favor against defendant McGill & Hassan in the amount of $500,000.00 or such other amount as may be determined at trial, punitive damages in the amount of $350,000.00, attorney's fees and costs, which may be awarded in cases meriting punitive damages, plus pre and post judgment interest, and award such other and further relief as the Court deems just and proper.

### COUNT THREE
### Breach of Contract - Legal Malpractice
### (against Mr. Hassan)

37. Plaintiff Mary Lou hereby incorporates and restates the allegations in paragraphs 1-22 above as if set forth here in full.

38. Mr. Hassan had an attorney-client relationship with Mary Lou, as a one-third shareholder of the closely held Dental Practice, creating a duty to her. Mr. Hassan owed Mary Lou, as a one-third shareholder of the closely-held Dental Practice, a fiduciary duty to treat her forthrightly and equally with the other two shareholders. Mary Lou, as a one-third shareholder of the closely held Dental Practice, was an intended third-party beneficiary of the attorney-client relationship between Mr. Hassan and his client, the Dental Practice, and was therefore entitled to be treated forthrightly and equally with the other two shareholders.

39. Mr. Hassan had a duty to Mary Lou to not communicate with other shareholders of the Dental Practice without her participation and to communicate about information material to the operation of the Dental Practice with all shareholders of the Dental Practice and only with all shareholders of the Dental Practice, by virtue of Mr. Hassan's representation of her, fiduciary duties owed to her, Mr. Hassan's representation of the Dental Practice, and/or her status as a

third-party beneficiary of the attorney-client relationship between Mr. Hassan and the Dental Practice.

40. Mr. Hassan breached his duties by communicating repeatedly with Drs. Kaihara and Watson about the documents related to the Dental Practice, the meaning of those documents and the effect of that meaning on the financial rights and responsibilities of the Dental Practice with other individual members of the Dental Practice and not informing Mary Lou of or including her in those conversations, all while knowing that there was a dispute among the three shareholders about the very issues upon which Mr. Hassan were advising Drs. Kaihara and Watson.

41. Mr. Hassan further breached his duties by making incorrect representations to Mary Lou based upon inaccurate information he obtained from other members of the Dental Practice and not disclosing to Mary Lou the bases for those representations.

42. As a direct and proximate result of Mr. Hassan's breach of duty to Mary Lou, Mary Lou was injured in the amount of $500,000.00 or such other amount as may be determined at trial.

43. Mr. Hassan's actions in breach of his duty were willful, wanton, undertaken with malice, and/or performed in conscious disregard of the rights of Mary Lou.

WHEREFORE, plaintiff Mary Lou Sullivan respectfully requests that this Court enter judgment in her favor against defendant Mr. Hassan in the amount of $500,000.00 or such other amount as may be determined at trial, punitive damages in the amount of $350,000.00, attorney's fees and costs, which may be awarded in cases meriting punitive damages, plus pre and post judgment interest, and award such other and further relief as the Court deems just and proper.

## COUNT FOUR
### Breach of Fiduciary Duty
### (against Mr. Hassan)

44. Plaintiff Mary Lou hereby incorporates and restates the allegations in paragraphs 1-22 above as if set forth here in full.

45. Mr. Hassan owed Mary Lou, as a one-third shareholder of the closely-held Dental Practice, a fiduciary duty to treat her forthrightly and equally with the other two shareholders.

46. By virtue of Mr. Hassan's representation of her, Mr. Hassan's representation of the Dental Practice, and/or Mary Lou's status as a third-party beneficiary of the attorney-client relationship between Mr. Hassan and the Dental Practice, Mr. Hassan had duties to Mary Lou (a) not to communicate with other shareholders of the Dental Practice without her participation and (b) to communicate information material to the operation of the Dental Practice to all shareholders of the Dental Practice and only with all shareholders of the Dental Practice.

47. Mr. Hassan breached his duties by having conversations with Drs. Kaihara and Watson about the documents related to the Dental Practice, the meaning of those documents and the effect of that meaning on the financial rights and responsibilities of the Dental Practice and not including Mary Lou or informing her of the occurrence or content of those conversations all while knowing that there was a dispute among the three shareholders about the very issues upon which Mr. Hassan were advising Drs. Kaihara and Watson.

48. Mr. Hassan further breached his duties by providing advice privately to Drs. Kaihara and Watson and making incorrect representations to Mary Lou based upon inaccurate information he obtained from Drs. Kaihara and Watson and not disclosing to Mary Lou the bases for his advice and representations.

49. As a direct and proximate result of Mr. Hassan's breach of duty to Mary Lou, Mary Lou was injured in the amount of $500,000.00 or such other amount as may be determined at trial.

50. Mr. Hassan's actions in breach of his duty were willful, wanton, undertaken with malice, and/or performed in conscious disregard of the rights of Mary Lou.

WHEREFORE, plaintiff Mary Lou Sullivan respectfully requests that this Court enter judgment in her favor against defendant Mr. Hassan in the amount of $500,000.00 or such other amount as may be determined at trial, punitive damages in the amount of $350,000.00, attorney's fees and costs, which may be awarded in cases meriting punitive damages, plus pre and post judgment interest, and award such other and further relief as the Court deems just and proper.

## COUNT FIVE
### Breach of Contract
### (against McGill & Hill Group)

51. Plaintiff Mary Lou hereby incorporates and restates the allegations in paragraphs 1-22 above as if set forth here in full.

52. McGill & Hill Group was retained to value the Dental Practice after Dr. Sullivan's death. McGill & Hill Group was aware that this valuation was for the purpose of determining what an appropriate resolution of the financial matters between Mary Lou and the Dental Practice was.

53. McGill & Hill Group were required to render an impartial valuation and required not to be advocates for Mary Lou or Drs. Kaihara and Watkins.

54. Instead of providing an impartial valuation, McGill & Hill Group deliberately rendered a valuation designed to benefit Drs. Kaihara and Watkins at the expense of Mary Lou, presumably for the purpose of retaining the business of the Dental Practice.

55. Mary Lou was a third-party beneficiary of the contract retaining McGill & Hill Group to value the Dental Practice.

56. Mary Lou reasonably relied upon the representations of McGill & Hill Group in her dispute with Drs. Kaihara and Watkins.

57. As a direct and proximate result of the inaccurate representations of McGill & Hill Group and Mary Lou's reliance thereon, Mary Lou was damaged in the amount of $500,000.00 or such other amount as may be determined at trial.

WHEREFORE, plaintiff Mary Lou Sullivan respectfully requests that this Court enter judgment in her favor against defendant McGill & Hill Group in the amount of $500,000.00 or such other amount as may be determined at trial, plus pre and post judgment interest, and award such other and further relief as the Court deems just and proper.

## COUNT SIX
### Breach of Fiduciary Duty
### (against McGill & Hill Group)

58. Plaintiff Mary Lou hereby incorporates and restates the allegations in paragraphs 1-22 above as if set forth here in full.

59. McGill & Hill Group was retained to value the Dental Practice after Dr. Sullivan's death. McGill & Hill Group was aware that this valuation was for the purpose of determining what an appropriate resolution of the financial matters between Mary Lou and the Dental Practice was.

60. McGill & Hill Group were required to render an impartial valuation and required not to be advocates for Mary Lou or Drs. Kaihara and Watkins.

61. Under the circumstances, and given the shared ownership between McGill & Hill Group and McGill & Hassan, McGill & Hill Group owed fiduciary duties to Mary Lou and the Dental Practice to carry out its valuation in an impartial fashion.

62. Instead of providing an impartial valuation, McGill & Hill Group deliberately rendered a valuation designed to benefit Drs. Kaihara and Watkins at the expense of Mary Lou, presumably for the purpose of retaining the business of the Dental Practice, in breach of its fiduciary duties.

63. Mary Lou was a third-party beneficiary of the contract between McGill & Hill Group and the Dental Practice.

64. Mary Lou reasonably relied upon the representations of McGill & Hill Group in her dispute with Drs. Kaihara and Watkins.

65. As a direct and proximate result of the inaccurate representations of McGill & Hill Group and Mary Lou's reliance thereon, Mary Lou was damaged in the amount of $500,000.00 or such other amount as may be determined at trial.

66. The McGill & Hill Group's actions in breach of its duty were willful, wanton, undertaken with malice, and/or performed in conscious disregard of the rights of Mary Lou.

WHEREFORE, plaintiff Mary Lou Sullivan respectfully requests that this Court enter judgment in her favor against defendant McGill & Hill Group in the amount of $500,000.00 or such other amount as may be determined at trial, punitive damages in the amount of $350,000.00, attorney's fees and costs, which may be awarded in cases meriting punitive damages, plus pre and post judgment interest, and award such other and further relief as the Court deems just and proper.

## COUNT SEVEN
### Fraud
### (against McGill & Hill Group)

67. Plaintiff Mary Lou hereby incorporates and restates the allegations in paragraphs 1-22 above as if set forth here in full.

68. McGill & Hill Group misrepresented that it would provide an impartial valuation of the Dental Practice. At the time it made this misrepresentation, it knew it to be false and intended it to mislead. At the time it made this misrepresentation, it knew that it would provide an inaccurate valuation designed to benefit Drs. Kaihara and Watkins at the expense of Mary Lou.

69. McGill & Hill Group's misrepresentation that it would provide an impartial valuation was material to its retention by the Dental Practice to provide a valuation and to Mary Lou's reliance on the valuation in connection with her dispute with Drs. Kaihara and Watkins.

70. McGill & Hill Group was retained by the Dental Practice to value the Dental Practice.

71. The valuation that McGill & Hill Group actually provided was inaccurate and was designed to benefit Drs. Kaihara and Watkins at the expense of Mary Lou, presumably for the purpose of retaining the business of the Dental Practice.

72. McGill & Hill Group knew at the time they provided the valuation that it was inaccurate in favor of Drs. Kaihara and Watkins.

73. McGill & Hill Group's misrepresentation that its valuation had been performed impartially was made with the intent to mislead Mary Lou.

74. McGill & Hill Group's misrepresentation that its valuation was performed impartially was a material fact, and McGill & Hill Group knew it was a material fact, in Mary Lou's evaluation of the dispute between her and Drs. Kaihara and Watkins.

75. Mary Lou reasonably relied upon the misrepresentations of McGill & Hill Group that its valuation would be impartial and that the valuation it provided was impartial in her dispute with Drs. Kaihara and Watkins.

76. As a direct and proximate result of her reliance upon the inaccurate representations of McGill & Hill Group, Mary Lou was damaged in the amount of $500,000.00 or such other amount as may be determined at trial.

WHEREFORE, plaintiff Mary Lou Sullivan respectfully requests that this Court enter judgment in her favor against defendant McGill & Hill Group in the amount of $500,000.00 or such other amount as may be determined at trial, punitive damages in the amount of $350,000.00, attorney's fees and costs, which may be awarded in cases of fraud and in those meriting punitive damages, plus pre and post judgment interest, and award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Mary Lou Sullivan respectfully demands a trial by jury on all counts of all issues so triable.

Date:   June 11, 2018                              Respectfully submitted,

*[signature]*

Brian P. Donnelly (VSB No. 82052)
William E. Evans (VSB No. 83870)
**NIXON PEABODY LLP**
799 9th Street, N.W., Suite 500
Washington, D.C. 20001
Telephone: (202) 585-8345
Facsimile: (202) 585-8080
bdonnelly@nixonpeabody.com
wevans@nixonpeabody.com
*Attorneys for Plaintiff*

SPS

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
**4110 CHAIN BRIDGE ROAD**
**FAIRFAX, VIRGINIA 22030**
**703-691-7320**
**(Press 3, Press 1)**

Mary Lou Sullivan  vs.  McGill & Hassan PA et al.         CL-2018-0008862

TO:   McGill & Hassan PA
      Serve: John K. McGill
      8816 Red Oak Blvd Suite 220
      Charlotte NC 28217

**SUMMONS – CIVIL ACTION**

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on June 6, 2019.

JOHN T. FREY, CLERK

By: _____
         Deputy Clerk

Plaintiff's Attorney:  William E Evans

SPS

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Mary Lou Sullivan vs. McGill & Hassan PA et al.    CL-2018-0008862

TO:  The McGill & Hill Group LLC
     Serve: John K. McGill
     8816 Red Oak Blvd Suite 240
     Charlotte NC 28217

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on June 6, 2019.

JOHN T. FREY, CLERK

By: _Betty B Whieden_
      Deputy Clerk

Plaintiff's Attorney: William E Evans

SPS

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Mary Lou Sullivan vs. McGill & Hassan PA et al.        CL-2018-0008862

TO:   Blake W Hassan
      8816 Red Oak Blvd Suite 220
      Charlotte NC 28217

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on June 6, 2019.

JOHN T. FREY, CLERK
By: _Betty BWReeder_
                Deputy Clerk

Plaintiff's Attorney:  William E Evans